**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JACINTHA DEES**                                                      **PLAINTIFF**

**V.**                                                      **CASE NO. 1:10-CV-00260**

**OFFICE MANAGEMENT SYSTEMS, INC.**                        **DEFENDANT**

MEMORANDUM OPINION

This cause comes before the court on the defendant's motion [43] for summary judgment pursuant to Fed. R. Civ. P. 56. Having considered the motion and submissions of the parties, the court is prepared to rule.

Office Management Systems, Inc. d/b/a Logsita is a corporation that specializes in selling and servicing computer and phone systems. In September 1998, Logista hired Jacinta Dees (age 47) as a parts buyer in its Columbus, Mississippi office. Dees was promoted several times until reaching her highest position as Director of Operations Procurement. Her responsibilities included overseeing three groups within the company: service audit and billing, procurement, and services accounts payable. At the time she was hired, Dees enrolled in the company's health insurance plan. She also enrolled her husband as an eligible beneficiary and he remained on the plan until 2007. Penney Wright was Dees' supervisor until February 2007, when Wright resigned from the company. Thereafter, Ken Williams was Dees' supervisor.

In December 2007, Dees' husband was diagnosed with colon cancer. He was no longer enrolled on Logista's plan, but was covered by his employer's insurance plan. In January 2008, Dees contacted the human resources department to find out whether she could re-enroll her husband on Logista's plan. The human resources director incorrectly advised Dees that her

1

husband could not be added to the plan because he had other health insurance. Knowing this information was false, Dees contacted Logista's health insurance provider and on April 1, 2008, her husband was added to the plan. According to Dees, this is when she began noticing significant changes at work. She claims that she was excluded from meetings around this time. Ken Williams was transferred to Logista's Birmingham, Alabama office and Ron Harper, the company president, became her supervisor. The company had a history of allowing managers and other supervisory employees within the operations department to take up to four hours off for personal business without it counting as paid time off. Once Harper assumed supervision of the department, he eliminated this practice. He also transferred one of the groups Dees' oversaw to another department.

On August 5, 2008, Dees injured her back at work and filed a workers' compensation claim. Also on that day, she learned that doctors found a spot on her husband believed to be further cancer. He was scheduled for additional testing. On August 12, 2008, Logista eliminated the director of operations procurement position and terminated Dees. She requested to be placed in a vacant supervisory position within the company, but Harper advised her that she was not suited for the position. Following her termination, Dees enrolled in Consolidated Omnibus Budget Reconciliation Act ("COBRA") benefits to continue her and her husband's healthcare coverage.

On November 4, 2008, Dees filed a charge of discrimination based on age and disability with the Equal Employment Opportunity Commission ("EEOC"). The EEOC found insufficient evidence to establish a violation and on July 26, 2010, issued her a right to sue letter. On October 26, 2010, Dees filed a complaint in this court[1], asserting that she was discriminated

---

[1] The plaintiff was required to file suit within 90 days of her receipt of the right to sue letter or she would waive her claims. The court acknowledges that there were 92 days from the date the EEOC issued the right to sue letter until Dees filed her complaint. The plaintiff has not alleged

against and ultimately terminated because of her age and her association with her disabled husband. Since the plaintiff's claims are brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 623(a)(1) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, this court has federal question jurisdiction, 28 U.S.C. § 1331.

The defendant has filed the instant motion, asserting that summary judgment should be granted in its favor because Dees was terminated for legitimate, nondiscriminatory reasons. The defendant argues that Dees' age discrimination claim is precluded because she cannot prove that age was the but-for cause of her termination since she is also alleging disability discrimination. In response, Dees concedes her age discrimination claim, but argues that summary judgment should not be granted as to her disability discrimination claim because the defendant's stated reason for terminating her is pretext.

The only issue before the court is whether summary judgment should be granted as to the plaintiff's claim for disability discrimination.

Summary judgment is proper when the evidence shows that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When ruling on a motion for summary judgment, the court must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010)). Once the party seeking summary judgment meets its burden, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel.*

---

when she received the letter nor has the defendant challenged the timeliness of this lawsuit. In this regard, the court will assume that the plaintiff did not receive the letter prior to July 28, 2010 and accordingly filed suit within 90 days of her receipt of the letter.

3

*Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but rather must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Under the ADA, employers are prohibited from discriminating against "a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). A qualified individual is someone who can, with or without reasonable accommodation, perform the essential functions of the job he or she holds or desires. 42 U.S.C. § 12111(8). A person with a record of "a physical or mental impairment that substantially limits one of more major life activities" is considered to have a disability. 42 U.S.C. § 12102(1).

The Fifth Circuit recognizes ADA association claims. *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 760 (5th Cir. 1996). A plaintiff may establish an ADA claim through direct or circumstantial evidence. *Daigle v. Liberty Life Ins. Co.,* 70 F.3d 394, 396 (5th Cir. 1995). Federal employment discrimination claims based on circumstantial evidence must be reviewed under the *McDonald Douglas* burden-shifting standard. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). First, the plaintiff-employee must a prima facie showing of intentional discrimination. *Id.* (citing *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 142 (2000)). Then, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the employer satisfies its burden, the plaintiff must then show that either "(1) the employer's reason is pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected

4

characteristic." *Burrell v. Dr. Pepper/ Seven Up Bottling Grp.*, 482 F.3d 408, 411-412 (5th Cir. 2007).

The plaintiff herein is able to make a prima facie showing of association discrimination. The parties do not dispute that Dees was qualified for her position and suffered an adverse employment action[2]. Likewise, it cannot be disputed that the defendant knew Dees' husband had cancer. The record shows that the plaintiff regularly kept Harper informed of her husband's health condition. Dees' husband was diagnosed with cancer in December 2007. By August 2008, doctors found a spot on him, which was believed to be further signs of cancer. As company president, Harper made the decision to terminate Dees and eliminate her position. The closeness in time between her husband's diagnosis and Harper's decision to terminate her raises a reasonable inference of discrimination. The inference is further raised by Dees' allegation that she was excluded from meetings after the defendant learned about her husband's disability. As the plaintiff has made her requisite showing, the burden now shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision.

The defendant argues that Dees was terminated as part of the company's reorganization plan that was in place long before it learned that the plaintiff's husband had cancer. The defendant submits that other employees were terminated in accordance with the reorganization, not just Dees. Further, the defendant argues that Harper did not know that Dees' husband was enrolled on the company's health insurance plan and therefore, could not have considered it in his decision to terminate the plaintiff. The defendant additionally argues that it considered placing Dees in an open supervisory position, but because of complaints about her management skills from other employees, decided that she would not be a good fit. Taking into consideration

---

[2] In her response to the defendant's motion for summary judgment, the plaintiff only points to one adverse employment action: her termination. *See* Doc. 46 at 11.

that the entire company was restructured and not just Dees' department, the court finds that the defendant has offered a nondiscriminatory explanation for discharging the plaintiff.

Dees counter argues that the defendant's stated reason is merely pretext for discrimination. She points to inconsistencies in Harper's deposition and affidavit regarding when he decided to fire her. At his deposition, Harper testified that he made the decision to terminate Dees four to five months prior to her termination. However, in his errata and affidavit, Harper claims that he was confused at the deposition and meant to say that he decided to eliminate the director position, not Dees, four to five months prior to her termination. The plaintiff highlights the fact that Harper made this decision around the time her husband was added to the company's insurance plan. She contends that the changes to Harper's testimony call his credibility into question and suggest that the defendant's stated reasons for firing her are false.

Though the plaintiff argues that the defendant has no documentation of its reorganization plan, the record shows that the company did undergo restructuring. Employees were terminated, groups were transferred, and one department was eliminated. The plaintiff offers no response to the defendant's other reasons. Under the *McDonald* Douglas standard, the court must weigh the parties' arguments, however the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminates against the plaintiff remains at all times with the plaintiff." *Jackson v. Cal-Western Packaging Corp.,* 602 F.3d 374, 378 (5th Cir. 2010). In the case herein, Dees failed to fully rebut the defendant's reasons for terminating her. She does not contest that Harper was unaware of her husband's enrollment on the company plan or that other employees complained about her management skills. In order to satisfy her burden, the plaintiff must rebut each of the defendant's nondiscriminatory reasons for its employment decision. *McCoy v. City of*

*Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). As Dees fails meet her burden, summary judgment is proper at this time.

Based on the foregoing analysis, the court concludes that the defendant's motion for summary judgment should be GRANTED. A separate judgment shall be entered in this cause pursuant to Fed. R. Civ. P. 58.

This the 27th day of February, 2012.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**